UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL GILLAM** | : | **CIVIL ACTION NO. 14-CV-2631** |
| **#320955** | | **SECTION P** |
| **VERSES** | : | **JUDGE MINALDI** |
| **GREGORY WISE, ET AL** | : | **MAGISTRATE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Michael Gillam (hereinafter "Gillam"), an inmate in the custody of Louisiana's Department of Public Safety and Corrections (hereinafter "LDOC"). He is incarcerated at Allen Correctional Center (hereinafter "ACC") in Kinder, Louisiana.

Gillam names the following as defendants in this matter: ACC Captain Gregory Wise; ACC Lieutenant Barry Edwards; ACC Wardens Terry Terrell and Keith Cooley; ACC Assistant Warden Mark Estes; ACC Medical Unit Supervisor Angela Eason; GEO Group, Inc.'s President Wayne Calabrese; GEO Group, Inc.;  and LDOC Secretary James LeBlanc.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **SERVED IN PART,[1] AND DISMISSED, IN PART, WITH PREJUDICE.**

---

[1] Via a separate Memorandum Order, the undersigned is ordering the service of Gillam's claims that are not dismissed herein.

## I.
### *Background*

Gillam contends that on February 14, 2014, he was subjected to excessive force by defendants Wise and Edwards. Doc. 1, p. 4-5. Specifically, he states that he and Wise had a verbal altercation, after which Wise ordered Edwards to handcuff him. *Id.* Gillam complied with Edwards' instructions to turn around and back up to the cell's bars in order to be restrained. *Id.* Once handcuffed, the cell was opened and Wise began to curse at Gillam and pull his arm. *Id.* Wise then pushed Gillam's hands over the back of his head, allegedly breaking Gillam's hand. *Id.* Gillam claims that this was an act of retaliation by Wise as Gillam had complained about Wise's cell placement of certain inmates. Doc. 11, pp. 6-7. Gillam claims that Edwards witnessed the assault but failed to intervene. *Id.* Gillam also alleges that despite receiving several administrative grievances about the incident, defendants Cooley and Estes failed to properly respond by disciplining the officers. Doc. 1, p. 5.

Gillam further alleges that following the incident in question, he was placed in segregation for nineteen days. Doc. 11, p. 8. During that time, he claims that he was denied medical care for his broken hand despite the fact that defendant Eason knew about the break from an x-ray taken on the day the incident occurred. *Id.* On March 5, 2014, Gillam was taken to University Medical Hospital and Clinic in Lafayette, Louisiana, where a cast was placed on his hand. *Id.* As a result of defendants' actions in placing him in segregation without medical care, he claims that he suffers from restricted movement in his right thumb as well as mental distress. Doc. 11, p. 9.

In addition to the alleged civil rights violations, Gillam advances several state law claims, namely: assault, battery, pain and suffering, mental distress, and medical negligence/malpractice.

*Id.* As relief, he seeks compensatory and punitive damages, and injunctive and declaratory relief. Doc. 11, pp. 9-12.

## II.
### *Law and Analysis*

### A. *Frivolity Review*

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### *42 U.S.C. §1983*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the

defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

### B. Supervisory Liability

Gillam has not stated sustainable claims against GEO, GEO's Secretary Wayne Calabrese, Wardens Terrell and Cooley, Assistant Warden Estes, or DOC Secretary LeBlanc.

Insofar as the plaintiff names any of the defendants in supervisory capacities, it is well settled that supervisory officials may not be held liable under §1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation. *Id.*

Gillam has not made any such allegations and his claims against these defendants should be dismissed.

### III.
### Conclusion

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED, IN PART, WITH PREJUDICE** as his claims against defendants GEO, Wayne Calabrese, Terry Terrell, Keith Cooley, Mark Estes, and James LeBlanc as frivolous and failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS FURTHER RECOMMENDED** that plaintiff's civil rights complaint against Gregory Wise, Barry Edwards, and Angela Eason be served in accordance with the Memorandum Order filed herewith.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 5th  day of June, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE