UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL GILLAM** : | **DOCKET NO. 14-cv-2631** |
| **D.O.C. # 320955** | **SECTION P** |
| **VERSUS** : | **UNASSIGNED DISTRICT JUDGE** |
| **GREGORY WISE ET AL.** : | **MAGISTRATE JUDGE KAY** |

# REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment [doc. 68] filed pursuant to Rule 56 of the Federal Rules of Civil Procedure by defendant Barry Edwards. Edwards adopts the arguments and exhibits raised by codefendant Gregory Wise in Wise's Motion for Summary Judgment [doc. 51].

For the following reasons, **IT IS RECOMMENDED** that the Motion brought by Edwards [doc. 68] be **GRANTED** and that all claims against him be **DISMISSED WITH PREJUDICE**.

## I.
### BACKGROUND

Gillam is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated at Nelson Coleman Correctional Center in Killona, Louisiana, but his claims relate to events that occurred while he was at Allen Correctional Center ("ALC") in Kinder, Louisiana. *See* doc. 11.

Gillam alleges that on February 14, 2014, Wise, an ALC officer, aggressively restrained Gillam, "handcuff[ing] [him] behind his back and rais[ing] his arms in an unnatural position that

caused his hand to break in the lower thumb area." *Id.* at 7. He also alleges that Edwards, another ALC officer, was present and failed to intervene. *Id.*

After pursuing administrative remedies, Gillam filed suit in this court on September 2, 2014. Doc. 1; *see* doc. 1, att. 2. In his amended and verified complaint he alleges that Wise and Edwards, among others, violated the Eighth Amendment by subjecting him to cruel and unusual punishment. Doc. 11, p. 9. He also seeks to hold them liable on tort claims of assault and battery.[1] *Id.* In relief for these claims he seeks $20,000 in monetary damages from each defendant as well as a declaratory judgment. *Id.* at 10–11.

We have already recommended that the Motion for Summary Judgment filed by Wise be granted as to the civil rights claims and denied as to the tort claims. Doc. 78. Edwards now moves for summary judgment. Doc. 68. Gillam's time for filing a response has passed [*see* doc. 82], and we have received no opposition to the instant motion.

## II.
### LEGAL STANDARDS

#### A. *Summary Judgment*

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

---

[1] He also raises "[s]tate tort claim[s]" of pain and suffering and mental distress, but these are obviously statements of his damages rather than independent causes of action. *See* doc. 11, p. 9.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S.Ct. at 2511 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### B. Section 1983

Gillam brings his Eighth Amendment claims under 42 U.S.C. § 1983. Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold defendants liable under 42 U.S.C. § 1983, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988). Thus, if the claim does not rise to the level of a constitutional violation, it is not cognizable under § 1983.

# III.
## APPLICATION

Gillam's claims against Edwards under both state law and § 1983 are premised on Edwards' failure to intervene during the alleged use of force by Wise. Edwards contends that Gillam cannot maintain any claim against him on this theory.

Courts generally recognize a cause of action under § 1983 against an officer or prison guard who failed to intervene in another's use of excessive force. *E.g.*, *Kitchen v. Dallas Cty., Tex.*, 759 F.3d 468, 480 (5th Cir. 2014) (abrogation recognized on other grounds in *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 397 (5th Cir. 2017)). In order to hold the non-intervening officer liable, the plaintiff must show that he (1) knew that a fellow officer was violating an individual's constitutional rights; (2) had a reasonable opportunity to prevent the harm; and (3) chose not to act. *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013).

In this matter we have already found that the use of force alleged did not qualify as excessive, and that there was thus no constitutional violation by Wise. *See* doc. 78, pp. 6–8. Therefore Edwards cannot be held liable under § 1983 through these same allegations due to his failure to intervene. Gillam also provides no basis for liability on Edwards's part under state tort law.[2] Accordingly, there is no genuine dispute as to any material fact relating to Edwards's liability and Edwards is entitled to summary judgment on all of Gillam's claims against him.

---

[2] Louisiana law allows that an **employer** may be vicariously liable for the intentional acts of its employees under certain circumstances. *Jones v. Thomas*, 426 So.2d 609 (La. 1983); *see* LA. CIV. CODE art. 2320. However, there is no basis for holding one employee liable for the actions of a co-employee.

## III.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion for Summary Judgment brought by Edwards [doc. 68] be **GRANTED** and that all claims against him be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 9th day of November, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE