UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL GILLAM** | : | **DOCKET NO. 14-cv-2631** |
| **D.O.C. # 320955** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **GREGORY WISE ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a complaint filed pursuant to 42 U.S.C. § 1983 and state tort law by plaintiff Michael Gillam. For the following reasons, after conducting a review of jurisdiction *sua sponte*, we conclude that, upon adoption of our other pending Reports and Recommendations, the court should decline to exercise supplemental jurisdiction over the remaining claims in this action and that they should be **DISMISSED WITHOUT PREJUDICE.**

### I.
#### BACKGROUND

Gillam is an inmate in the custody of the Louisiana Department of Safety and Corrections and is currently incarcerated at Nelson Coleman Correctional Center in Killona, Louisiana. His claims relate to events that occurred while he was at Allen Correctional Center ("ALC") in Kinder, Louisiana.

This court has issued reports and recommendations recommending that all of Gillam's claims brought pursuant to § 1983 be dismissed with prejudice. *See* docs. 78, 90. Upon adoption of those recommendations, the only remaining claims in this action would be those brought under

state tort law by Gillam against ALC Officer Gregory Wise, based on an alleged assault and battery committed by Wise against Gillam. *See* doc. 78.

## II.
### LAW & ANALYSIS

As there is no allegation of diversity jurisdiction, our original jurisdiction over this matter is based on the existence of a federal question under 28 U.S.C. § 1331, and federal jurisdiction over Gillam's state law claims depends on the existence of supplemental jurisdiction under 28 U.S.C. § 1367. Should this court accept our recommendation to dismiss all federal claims, it would be divested of federal question jurisdiction and obligated to consider whether it should continue exercising supplemental jurisdiction. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999).

Supplemental jurisdiction applies "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even when claims are sufficiently related under § 1367(a), however, the court may decline to exercise supplemental jurisdiction under certain circumstances, including when the court has dismissed all claims over which it had original jurisdiction. *Id.* at § 1367(c)(3). In making this determination, the court should be guided by the provisions of § 1367(c) as well as "common law factors of judicial economy, convenience, fairness, and comity." *Enochs v. Lampasas Cty.*, 641 F.3d 155, 159 (5th Cir. 2011). The general rule in this circuit is to decline to exercise supplemental jurisdiction when all federal claims are dismissed prior to trial. *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989). However, the Fifth Circuit "has consistently held that declining supplemental jurisdiction following a significant investment of judicial resources in the litigation constitutes an abuse of discretion." *Michael v. Boutwell*, 138 F.Supp.3d 761, 791 (N.D. Miss. 2015) (quotation omitted).

Here our recommendation of dismissal for the federal claims satisfies the statutory factor under § 1367(c)(3). The common law factors also weigh in favor of dismissal, as no trial date has been set and Gillam is requesting an indefinite continuance wherein he admits that he has yet to conduct much, if any, discovery. *See* doc. 92. There has been no significant investment of judicial resources as we have only considered the instant motions for summary judgment, through which we have recommended that the causes of action be significantly reduced, as well as Gillam's repeated requests for continuances and appointment of counsel, which this court handles as a matter of course in prisoner litigation. Finally, as federal courts are "not as well equipped for determinations of state law as are state courts," the comity factor is served by dismissal. *Michael*, 138 F.Supp.3d at 792. Accordingly, the court should decline to exercise supplemental jurisdiction over Gillam's remaining claims. As the claims would then lack any independent jurisdictional basis for remaining in federal court, they should be **DISMISSED WITHOUT PREJUDICE.**

### III.
#### CONCLUSION

For the foregoing reasons, it is recommended that Gillam's state law claims be **DISMISSED WITHOUT PREJUDICE** and that Gillam be advised that he may seek relief on these claims in state court, if he chooses.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 6th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE