U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 28 2018

TONY R. MOORE, CLERK
BY: _____
    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MICHAEL GILLAM | * | CIVIL ACTION NO. 2:14-CV-2631 |
| VERSUS | * | UNASSIGNED DISTRICT JUDGE |
| GREGORY WISE, ET AL. | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JUDGMENT

Before the Court are three motions for summary judgment filed by the three remaining defendants in this suit: Motion for Summary Judgment, filed by Defendant Angela Easom ("Easom"), (Doc. 49); Motion for Summary Judgment, filed by Defendant Gregory Wise ("Wise"), (Doc. 51); and Motion for Summary Judgment, filed by Defendant Barry Edwards ("Edwards"), (Doc. 68). Plaintiff Michael Gillam ("Gillam") did not oppose any of the motions.

The Magistrate Judge issued Reports and Recommendations addressing the motions. Docs. 78, 90. As to Easom's motion for summary judgment, the Magistrate Judge recommends granting the motion; dismissing with prejudice Gillam's constitutional claim; and dismissing without prejudice Gillam's medical malpractice claim because he did not exhaust administrative remedies. Doc. 78, p. 13. As to Wise's motion for summary judgment, the Magistrate Judge recommends granting the motion as to Gillam's constitutional claim, and dismissing it with prejudice; but denying the motion as to Gillam's state law tort claim. *Id.* Finally, as to Edwards' motion for summary judgment, the Magistrate Judge recommends granting the motion and dismissing all claims against Edwards with prejudice. Doc. 90, p. 5.

Gillam filed an affidavit, which the Court construes as an objection to the Report and Recommendation relating to Wise's motion for summary judgment. Doc. 91. In this affidavit,

1

Gillam describes in greater detail the underlying event.[1] *Id.* at pp. 2–4. The Court has discretion to accept additional evidence after a magistrate judge's recommendation has been issued. *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003). However, considering the factors suggested by the Fifth Circuit, the Court declines to consider the evidence because Gillam has not moved the Court to supplement the record nor has he explained why he did not file an opposition to the motion for summary judgment. *See id.* Moreover, the Court finds that the new details in the affidavit would likely not change the disposition of the motion. *See id.* Accordingly, the Court finds no merit in Gillam's objections to the Report and Recommendation relating to Wise's motion for summary judgment. Gillam has not objected to the Reports and Recommendations regarding Easom's and Edwards's motions for summary judgment.

Subsequently, in consideration of the pending Reports and Recommendations recommending dismissal of the federal claims against all defendants, the Magistrate Judge issued a Report and Recommendation recommending that the Court decline to exercise supplemental jurisdiction over the remaining state law claim and instead dismiss the claim without prejudice. Doc. 93. No objections were filed.

After an independent (*de novo*) review of the record including the objections filed herein, the Court finds that the recommendations contained in the Magistrate Judge's three Reports and Recommendations are correct under applicable law with the narrow exception of recommending granting Easom's motion for summary judgment as to Gillam's state law medical malpractice claim. Regarding that claim, the Court finds that the Magistrate Judge correctly analyzed the issues

---

[1] Gillam also seems to assert a claim that Wise retaliated against Gillam on October 6, 2014, for filing a complaint against him. Doc. 91, pp. 4–5. Considering the fact that Gillam provides no explanation for raising the issue at this time and has not requested leave to amend his complaint, and considering the fact that Gillam amended his complaint roughly five months after the alleged retaliatory conduct occurred (nearly three years ago) without raising a retaliation claim, the Court sees no reason to construe any portion of the affidavit as a motion to amend his complaint.

2

and correctly concluded that Gillam has not exhausted his administrative remedies, which deprives this Court of subject matter jurisdiction. *See* Doc. 78, pp. 11–13. However, because the issue is jurisdictional, the Court will deny Easom's motion for summary judgment as to Gillam's state law medical malpractice claim, but dismiss the claim without prejudice for lack of subject matter jurisdiction.[2] Accordingly, for the reasons contained in the Reports and Recommendations of the Magistrate Judge previously filed herein; it is hereby

**ORDERED** that Easom's Motion for Summary Judgment (Doc. 49) is **GRANTED IN PART** as to Gillam's constitutional claim and **DENIED IN PART** as to Gillam's state law medical malpractice claim. Gillam's constitutional claim against Easom is **DISMISSED WITH PREJUDICE**, and Gillam's state law medical malpractice claim against Easom is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Wise's Motion for Summary Judgment (Doc. 51) is hereby **GRANTED IN PART** as to Gillam's constitutional claim and **DENIED IN PART** as to Gillam's state law claim. The constitutional claim against Wise is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Edwards's Motion for Summary Judgment (Doc. 68) is hereby **GRANTED**, and all claims against him are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that as no claims remain in the case other than Gillam's state law tort claim against Wise, the Court declines to exercise supplemental jurisdiction and

---

[2] Gillam's medical malpractice claim is a state law claim. Thus, the claim is not governed by the requirements and law of the Prison Litigation Reform Act, 42. U.S.C. § 1997e, which would have allowed the Court to consider the issue of exhaustion of administrative remedies under the standard for a motion for summary judgment. *See Dillon v. Rogers*, 596 F.3d 260, 271 (5th Cir. 2010).

**DISMISSES** the claim **WITHOUT PREJUDICE**. Accordingly, the Clerk of Court is directed to close the case.

**SIGNED** at Alexandria, Louisiana this 27th day of February, 2018.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE